UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROMAN G. GOLASH,

    Plaintiff,

v

TRINITY HEALTH CORPORATION, an
Indiana Corporation, and LOYOLA
UNIVERSITY HEALTH SYSTEM,
a subsidiary of Trinity Health Corporation,

    Defendants.

Case No.
Hon:

James K. Fett (P39461)
Fett & Fields, P.C.
805 E. Main St.
Pinckney, MI  48169
734-954-0100
Fax: 734-954-0762
jim@fettlaw.com
Attorney for Plaintiff

Michael A. Faraone (P45332)
Michael A. Faraone, PC
3105 S Martin Luther King Jr. Blvd. #315
Lansing, MI 48910
(517) 484-5515
attorneyfaraone@faraonelegal.com
Attorney for Plaintiff

Richard Thompson (P21410)
THOMAS MORE LAW CENTER
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI  48106
(734) 827-2001
rthompson@thomasmore.org
Attorney for Plaintiff

# PLAINTIFF'S COMPLAINT
# AND JURY DEMAND

Plaintiff, through his counsel, states the following claims against Defendants:

## NATURE OF CLAIM

1.     This is a Title VII action for injunctive relief and damages occasioned by Defendant Loyola University Health System's ("LUHS") discrimination against Plaintiff based on Plaintiff's status as a white male and retaliation for his opposition to violation of Title VII.

## JURISDICTION AND PARTIES

2.     Plaintiff invokes the jurisdiction of this Court pursuant to *28 U.S.C. §§1331, 1343(a)(3) and 1343(a)(4).*

3.     Plaintiff filed an EEOC complaint and has received a right to sue letter from the EEOC.  See **Exhibit A.**

4.     Some of the events giving rise to this cause of action occurred in the Northern District of Illinois.

5.     On information and belief, the decision to terminate Plaintiff was made in the City of Livonia, Wayne County, Michigan, by a Trinity officer or employee.

6.     The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney fees.

7.     Plaintiff is a White male, a citizen of the United States and the State of Illinois; he was the Manager of Microbiology, Molecular Pathology/HLA and Flow Laboratories in LUHS's Department of Pathology and Laboratory Medicine.

8.     Plaintiff is a retired Colonel of the United States Army; he has an M.S. in Medical Microbiology and an MBA.

9.     Defendant LUHS is a quaternary care facility in Maywood, Illinois and a subsidiary of Defendant Trinity Health Corporation, which is headquartered in Livonia, Michigan.

10.     On June 25, 2020, Rakheelah Arshad, an LUHS Systems Analyst, caused to be circulated an email soliciting sales of Black Lives Matter ("BLM") T-Shirts to LUMC employees to support BLM.

11.     The email read:

Hi All,

I am sending this message to you on behalf of Rakheelah Arshad, Systems Analyst, LIS.

I am helping to organize a customized t-shirt order in support of the **Black Lives Matter** movement! The price per person will vary based on total number ordered but it is estimated to be $15 per t-shirt.  If interested, please use the following link to indicate you would like a shirt and to vote for your favorite designed:  https://www.surveymonkey.com/r/FCS3TWS.

12.     Plaintiff responded to all recipients of Arshad's emails:

"I think it is inappropriate to be selling these types of T-shirts on hospital e-mails.  It should be "All lives Matter." We are one people, one Nation. If you read BLM's web site, they plan to get rid of nuclear families. Are we now against nuclear families? Did you know that BLM had a demonstration and chanted "Pigs in a blanket, fry like bacon." Do we now support killing cops? The co-founder of BLM admitted that she is a "trained Marxist." Do we know who Marxists are? They are communists. Do we know what communists did in the past century? They murdered millions of people. My parents came from Ukraine, do you know what Stalin did to Ukrainians for not collectivizing? He orchestrated an artificial famine, 7 million Ukrainians starved to death in 1932-33. It is a shame that a Catholic institution supports Marxist ideologies. I for one, will never wear a BLM shirt."

13.     On information and belief, Arshad caused to be circulated the BLM solicitation email at the request of pathologist Galiz Barkan, M.D.

14.     Defendant suspended Plaintiff the next day, June 26, 2020, purportedly for violating "Trinity core values;" it terminated him on June 30, 2020.

15.     Neither Arshad nor Barkan were terminated.

16.     Defendant's immediate suspension of and soon thereafter termination of Plaintiff indicates that Defendant terminated him because he opposed his fellow employee's dissemination of solicitations advocating preferences for Black people, including LUHS's Black employees.

## COUNT I - 42 USC § 2000 et seq
## TITLE VII OF CIVIL RIGHTS ACT OF 1964

17.     Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

18.     LUHS discriminated against Plaintiff because of his status as a White male.

19.     Plaintiff's status as a White male was at least a factor in LUHS' decision to terminate the Plaintiff; consequently, this case should be analyzed as a mixed-motive case.

20.     Defendant's termination of Plaintiff violated Title VII of the Civil Rights Act of 1964, 42 USC § 2000 et seq.

21.     As a proximate result of Defendant LUHS' unlawful actions against Plaintiff as described above, Plaintiff has sustained, and will continue to sustain, injuries and damages, including but not limited to, loss of earnings and earning capacity; loss of career opportunity; humiliation, outrage, embarrassment, mental and emotional distress and the physical manifestations of those injuries; and loss of the ordinary pleasures of life, including the right to pursue gainful employment in his occupation of choice.

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant LUHS for:

a.  Economic damages in whatever amount he is found to be entitled, including damages for lost wages and the value of fringe benefits, past and present;

b.  Compensatory damages in whatever amount he is found to be entitled;

c.  Punitive damages in whatever amount he is found to be entitled;

d.  An award of costs, interest and attorney fees;

e.  An order awarding whatever equitable relief appears appropriate at the time of trial, including reinstatement.

## COUNT II - 42 USC § 2000(e) et seq
## RETALIATION

22.     Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

23.     Defendant LUHS retaliated against Plaintiff because he opposed a fellow employee's email solicitation for sales of T-Shirts advocating preferences for Black people, including LUHS employees; he did this by stating "All Lives Matter" in response to the "Black Lives Matter" message.

24.     Defendant LUHS retaliated by terminating Plaintiff.

25.     Defendant LUHS retaliated against Plaintiff because of his protected activity.

26.     As a proximate result of Defendant LUHS' unlawful actions against Plaintiff as described above, Plaintiff has sustained, and will continue to sustain, injuries and damages, including but not limited to, loss of earnings and earning capacity; loss of career opportunity; humiliation, outrage, embarrassment, mental and emotional distress and the physical manifestations of those injuries; and loss of the ordinary pleasures of life, including the right of pursue gainful employment in his occupation of choice.

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant for:

a.  Economic damages in whatever amount he is found to be entitled, including damages for lost wages and the value of fringe benefits, past and present;

b.  Compensatory damages in whatever amount he is found to be entitled;

c.  Punitive damages in whatever amount he is found to be entitled;

d.  An award of costs, interest and attorney fees;

e.  An order awarding whatever equitable relief appears appropriate at the time of trial, including reinstatement.

Respectfully submitted,

*/s/ James K. Fett*
By:  James K. Fett (P39461)
Fett & Fields, P.C.
805 E. Main St.
Pinckney, MI  48169
734-954-0100
jim@fettlaw.com
Dated:  October 4, 2021          Attorneys for Plaintiff


# JURY DEMAND

Plaintiff, through counsel. demands trial by jury in the above-captioned matter.

*/s/ James K. Fett*
By:  James K. Fett (P39461)
Fett & Fields, P.C.
805 E. Main St.
Pinckney, MI  48169
734-954-0100
jim@fettlaw.com
Dated:  October 4, 2021          Attorneys for Plaintiff

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Roman G. Golash**
     **418 E. Juniper Drive**
     **Palatine, IL 60074**

From:  **Detroit Field Office**
       **477 Michigan Avenue**
       **Room 865**
       **Detroit, MI 48226**

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **471-2020-04383** | **Michael Huffman,** Investigator | |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

**Deanna E. Wooten**   Digitally signed by Deanna E. Wooten
Date: 2021.07.07 16:55:34 -04'00'

Enclosures(s)

<sup>FOR</sup> **Michelle Eisele,**
**District Director**

(Date Issued)

cc:
**Meghan Kieffer**
**Associate Counsel**
**Loyola University Health System**
**2160 S 1st. Ave.**
**Maywood, IL 60153**

**Attorney James Fett**
**Fett & Fields, P.C.**
**805 East Main Street**
**Pinckney, MI 48169**

